UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MARCO MOLINA,

                                Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER
FLAVIO L. ADAMES (SHEILD # 972), SGT. SEAN
O'BRIEN (#2366), DET. CHRISTOPHER RODRIGO
(# 7729) and DET. EDWIN SANTIAGO (# 527)

                                Defendants.

------------------------------------------------------------------------ x

**AMENDED COMPLAINT**

Jury Trial Demanded

10-CV-4922

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on February 28, 2008, defendants falsely arrested plaintiff, used excessive force, and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28

U.S.C. § 1391 (b) and (c).

## PARTIES

4.  Plaintiff is a resident of the State of New York, County of Queens.

5.  The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Flavio L. Adames, Sean O'Brien, Christopher Rodrigo and Edwin Santiago (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Adames, O'Brien, Rodrigo and Santiago are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.  On February 28, 2008, at approximately 5:20 p.m. plaintiff was lawfully walking on Wilson Avenue and Jefferson Avenue in Brooklyn, NY.

8.  Plaintiff was confronted by the defendants, who were dressed in plain clothes with no visible police identification. Defendants stopped plaintiff, verbally berated him and demanded to search him.

9.  Plaintiff objected to his detention and explained that he was not engaging in any illegal activity.  Defendants ordered to plaintiff to shut up and grabbed defendant and threw him to the ground.

10.  Several officers proceeded to repeatedly punch and kick plaintiff about his head and body.   Plaintiff pleaded for help and for the officers to stop assaulting him.

11.  Plaintiff was unlawfully arrested and handcuffed.  Plaintiff was

bleeding from his head and asked to be taken to a hospital. Defendants ignored his request and placed plaintiff in a police van and transported him to the 83rd police precinct.

12. In a holding cell at the 83rd precinct, plaintiff continued to request transport to a hospital. Defendants continued to ignore his request. Indeed, officers repeatedly told plaintiff that if he went to the hospital his arraignment would be delayed for several days.

13. After several hours of bleeding and pain EMS was called and plaintiff was treated.

14. One of the defendants forced plaintiff to strip naked and subjected him to a body cavity search.

15. Plaintiff was held at the precinct for the remainder of the night. Later the next day plaintiff was transported to Kings County Central Booking to await arraignment.

16. While plaintiff was incarcerated, defendants prepared police reports falsely stating that plaintiff committed the crime of Resisting Arrest and Tampering with Evidence.

17. Plaintiff was arraigned in Kings County Criminal Court and bail was set at $750. He was transported to Rikers Island Correctional Facility. His family bailed him out the following morning.

18. Upon his release from jail plaintiff went to Mount Sinai Hospital of Queens. He was diagnosed with head injuries, multiple abrasions, rib contusions and other injuries. Photographs were taken of his injuries at the hospital.

19. Plaintiff's criminal case was ultimately dismissed over two years

later.

20. Plaintiff suffered damages as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered physical injuries, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced contusions and abrasions to his face, elbow, ribs and injuries about his body.

### FIRST CLAIM (FALSE ARREST)

21. Plaintiff repeats the foregoing allegations.

22. No officer observed plaintiff commit a crime on February 28, 2008.

23. At no time on February 28, 2008, did plaintiff commit a crime.

24. Accordingly, defendants violated the Fourth Amendments because they arrested plaintiff without probable cause.

### SECOND CLAIM (UNREASONABLE FORCE)

25. Plaintiff repeats the foregoing allegation.

26. In the course of arresting plaintiff, the officers used unreasonable force by assaulting and forcibly strip searching plaintiff

27. This use of force was objectively unreasonable.

28. Accordingly, defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

### THIRD CLAIM (FABRICATION OF EVIDENCE)

29. Plaintiff repeats the foregoing allegations.

30. Defendants, pursuant to a conspiracy, falsely stated to the New

York County District Attorney's Office that plaintiff had committed a crime.

31. Accordingly, defendants violated the Sixth Amendment for fabricating evidence against them and denying them a fair trial.

### FOUFTH CLAIM (FAILURE TO INTERVENE)

32. Plaintiff repeats the foregoing allegations.

33. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

### FIFTH CLAIM (MONELL CLAIM)

35. Plaintiff repeats the foregoing allegations.

36. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

37. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

Compensatory damages in an amount to be determined by a jury;

Punitive damages against the individual defendants in an amount to be determined by a jury;

Costs, interest and attorney's fees;

Such other and further relief as the Court may deem just and proper.

DATED:   April 7, 2010

New York, New York

                                                                       /ss/

CHRISTOPHER WRIGHT (CW-8079)

Attorney at Law

305 Broadway, 14th Floor

New York, New York 10007

(212) 822-1419